■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v APOLONIO CASTILLO, Also Known as THOMAS PHEW, Appellant. —Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 3, 1985, convicting him of criminal possession of stolen property in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of defendant's motion to vacate his plea.

Judgment affirmed.

As part of the plea agreement, Criminal Term promised to sentence defendant as a second felony offender to an indeterminate term of 2 to 4 years' imprisonment and further to release defendant on his own recognizance pending the imposition of sentence. After accepting defendant's plea, the court did order him released on his own recognizance. Apparently, however, defendant was subsequently held in custody on the basis of a "parole hold" on an unrelated matter. As a consequence, the defendant moved to vacate his plea on the ground that the plea promise was unfulfilled. Criminal Term denied the motion. The record is clear that the court fulfilled its promise by ordering that defendant be released in his own recognizance in the instant case. The fact that he was required to remain in detention by virtue of the parole hold in the unrelated matter, of which the court was unaware, does not mean that the promises were unfulfilled with respect to this case *(cf. People v Declemente,* 108 AD2d 868). Accordingly,

the motion to vacate the plea was properly denied. Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.